IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-417-BO

PERFORMANCE AUTOMOTIVE )
GROUP, INC., a North Carolina )
Corporation, d/b/a PERFORMANCE )
CHRYSLER DODGE JEEP RAM, )
          Plaintiff, )
 )
v. )     O R D E R
 )
JONATHAN FERNANDEZ, )
          Defendant. )

This cause comes before the Court on defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, defendant has replied, and the matter is ripe for ruling. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against its former employee alleging claims for violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030, *et seq.*, the federal Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, and the federal Defend Trade Secrets Act of 2016, 18 U.S.C. §§ 836(b)(1). Plaintiff also brings claims under North Carolina law for violation of the North Carolina Computer-Related Crime Act, N.C. Gen. Stat. §§ 14-453, *et seq.*, violation of the North Carolina Uniform Trade Secrets Act, N.C. Gen. Stat. §§ 66-152, *et seq.*, and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1, *et seq.*, as well as common law claims of trespass to chattels, conversion, and fraudulent misrepresentation. [DE 1].

A summary of the relevant facts as alleged in the complaint are as follows. Defendant was an employee of plaintiff, a North Carolina car dealership based in Clinton, North Carolina. Defendant was employed as a salesman from December 30, 2014, to February 29, 2020, when defendant terminated his employment. At the start of his employment, defendant acknowledged receipt of plaintiff's employee handbook.

As part of his employment with plaintiff, defendant received training on marketing and promotion of plaintiff's business as well as financing and pre-approval services, including the lending software application used by plaintiff called Credit Union Direct. To use Credit Union Direct (CUD) requires both a username and a password. Defendant was assigned a unique username and password to access CUD while employed by plaintiff. Plaintiff alleges that when defendant terminated his employment with plaintiff, defendant was no longer authorized to access plaintiff's CUD application.

Plaintiff alleges that defendant had extensive knowledge of plaintiff's intellectual property, databases, marketing platforms, trade secrets, and computer systems while he was employed by plaintiff, and that after defendant terminated his employment relationship he continued to access and use plaintiff's CUD application without plaintiff's knowledge and consent. Plaintiff alleges that defendant used an email address, jaf10507@aol.com, to access plaintiff's CUD application to obtain plaintiff's prospective, current, and past customer information and that defendant copied and obtained plaintiff's customer lists and used them for his own personal financial gain by selling financing services to those customers and selling plaintiff's customer information to a third-party for purposes not currently known to plaintiff. Plaintiff alleges that beginning on or about February 29, 2020, and continuing as of the date of

2

filing of the complaint, defendant conspired with unknown parties to knowingly and intentionally form a plan and engage in conduct to damage plaintiff.

## DISCUSSION

Defendant has appeared and answered the complaint. [DE 14]. Defendant has also filed a motion to dismiss all nine claims for relief against him. [DE 12]. Because defendant has answered the complaint, his motion to dismiss is more properly considered as a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure raising the defense of failure to state a claim. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002); Fed. R. Civ. P. 12(h). The same standard, however, as that for a motion under Rule 12(b)(6) applies. *Id.*; *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

The Court has considered the claims in light of the applicable standard and determines that plaintiff has failed to state a claim for conversion, trespass to chattels, and fraudulent misrepresentation.

3

A. Conversion

Conversion is defined by North Carolina law as the "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439 (1956). Plaintiff alleges that defendant converted electronic data, but a conversion claim must involve tangible, not only intangible property. *TSC Rsch., LLC v. Bayer Chemicals Corp.*, 552 F. Supp. 2d 534, 542 (M.D.N.C. 2008). Further, plaintiff has not alleged that defendant's access to its customer lists and data were to the exclusion of plaintiff's right to access this information. Plaintiff has failed to state a claim for conversion and this claim is properly dismissed.

B. Trespass to chattels

Similarly, plaintiff has failed to state a claim for trespass to chattels. "Under North Carolina law, the elements of trespass to chattels are: (1) that the plaintiff had 'actual or constructive possession of the personalty or goods in question at the time of the trespass'; and, (2) that there was an 'unauthorized, unlawful interference or dispossession of the property.'" *House v. Fed. Home Loan Mortg. Corp.*, 261 F. Supp. 3d 623, 636 (E.D.N.C. 2016). Plaintiff's complaint does not sufficiently allege that defendant dispossessed it of its property, or that the unlawful, unauthorized interference "actually interfered with [plaintiff's] use of the property in some fashion." *HSG, LLC v. Edge-Works Mfg. Co.*, No. 15 CVS 309, 2015 WL 5824453, at *6 (N.C. Super. Oct. 5, 2015) ("A party may not merely claim that another accessed or touched his property without permission" to support a trespass to chattels claim") (citing *Restatement (Second) of Torts* § 218). This claim is properly dismissed.

C. Fraudulent misrepresentation

4

The elements of a claim for fraudulent misrepresentation under North Carolina law are "(i) false representation or concealment of a material fact, (ii) reasonably calculated to deceive, (iii) made with intent to deceive, (iv) which does in fact deceive, (v) resulting in damage to the injured party." *Taylor v. Gore*, 161 N.C. App. 300, 303 (2003).

Plaintiff has failed to sufficiently allege that defendant made any fraudulent misrepresentations. Plaintiff argues that defendant "fraudulently misrepresented his promises to Plaintiff that he is a trustworthy and honest employee capable of being trusted with Plaintiff's confidential and proprietary information." [DE 16 at 11]. The complaint is devoid, however, of specific allegations which would tend to show that defendant acted with the intent to deceive. Plaintiff's complaint contains bare assertions that defendant intended to deceive it without any factual support. Drawing on the Court's judicial experience, it can infer from the complaint no more than the mere possibility that defendant engaged in fraudulent misrepresentation. This claim is properly dismissed.

Plaintiff has plausibly alleged its remaining claims for violation of the federal Computer Fraud and Abuses Act, federal Stored Communications Act, the federal Defend Trade Secrets Act, the North Carolina Computer-related Crime Act, the North Carolina Uniform Trade Secrets Act, and the North Carolina Unfair and Deceptive Trade Practices Act. Defendant's primary argument in favor of dismissal of each of these claims is that he was issued login credentials by plaintiff and that those credentials were not revoked following defendant's termination of his employment. Plaintiff alleges in its complaint, however, that as part of his employment defendant agreed that all customer information, credit applications, and other business related information was the property of plaintiff and that plaintiff would only use his email account associated with plaintiff, *i.e.* @performancedjr.com and others, while conducting business for

5

plaintiff. Plaintiff then alleges that at some point defendant enabled his personal email address to be used as his CUD username and that after he terminated his employment defendant continued to access plaintiff's CUD application. Plaintiff deactivated defendant's business email upon his termination but was not aware that plaintiff had enabled his personal address to access plaintiff's CUD files. Accordingly, plaintiff has sufficiently alleged that defendant's access to its CUD application following the termination of his employment was not authorized, and the Court determines that at this stage the above-referenced claims should proceed.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 12] is GRANTED IN PART and DENIED IN PART. The following of plaintiff's claims are dismissed: conversion, trespass to chattels, and fraudulent misrepresentation. Plaintiff's remaining claims are sufficiently alleged at this stage of the proceeding and may proceed.

SO ORDERED, this 23 day of March, 2021.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:20-cv-00417-BO   Document 30   Filed 03/24/21   Page 6 of 6